# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| TRACY WELLS, ) | |
| Individually and on behalf of all others ) | |
| Similarly situated, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.:_____ |
| ) | |
| DOLGENCORP, INC., DOLGENCORP ) | |
| OF NEW YORK; DOLGENCORP OF ) | |
| TEXAS; and DOLLAR GENERAL ) | |
| PARTNERS, ) | |
| ) | **JURY TRIAL REQUESTED** |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff Tracy Wells and hereby files this lawsuit against Defendants, Dolgencorp, Inc., Dolgencorp of New York, Dolgencorp of Texas and Dollar General Partners (hereinafter collectively referred to as "Defendants" or "Dollar General"), pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FSLA") and for this cause of action state the following:

## **PARTIES**

1.  Defendant Dolgencorp, Inc., Dolgencorp of New York, Dolgencorp of Texas and Dollar General Partners are corporations conducting business in the State of Alabama. Defendants operate retail stores in the "dollar store" market under the trade name "Dollar General." Defendants operate over 8000 stores in approximately 39 states. Defendants are all subsidiaries and/or sister corporations of each other and are the employers of all the store managers who work in Dollar General stores.

1

2. Plaintiff Tracy Wells is over the age of nineteen (19) years and is a resident of Birmingham, Alabama.

3. At all times material to this action, Plaintiff was employed by Defendants at its store # 14177, located in Birmingham, Alabama.

## JURISDICTION AND VENUE

4. This action is brought pursuant to the FSLA, 29 U.S.C. §201 et seq., --specifically the collection action provision of the Act found at Section 216(b)- for equitable and injunctive relief and to remedy violations of the wage provisions of the FSLA by the Defendants, which has deprived Plaintiff, as well as others similarly situated to Plaintiff, of their lawful wages.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue is proper in the Northern District of Alabama under 28 U.S.C. § 1391(b).

6. Defendant is subject to personal jurisdiction in the State of Alabama for this lawsuit.

## STATEMENT OF FACTS

7. Plaintiff worked for Defendant until she was terminated in September of 2016.

8. At the time of her termination, Plaintiff was a manager at the 14177 store location.

9. Plaintiff was paid a salary rate of $47,000 per year, with no overtime pay for hours worked over forty (40) hours in a single workweek.

10. Plaintiff regularly worked seven days in a row, opening the store at 7:45 a.m. and closing the store at 9:30 p.m.  Because of this, Plaintiff consistently worked for more than 90 hours a week.

11. Defendant prohibited Plaintiff from clocking in and out and  no matter the rigorous hours worked, Plaintiff was exempt from receiving overtime pay.

12. Plaintiff was often the subject of harsh treatment while at work and one of the General Managers even commented that they could require the Plaintiff to work as long as they wanted to.

13. Defendant was aware that Plaintiff performed non-exempt work that required payment of overtime compensation.

14. Although Plaintiff was hired as a manager, she was not allowed to engage in managerial duties.

15. During Plaintiff's employment with Defendant, her primary duties included oversight of the store, running the cash register, and checking inventory.

16. At all relevant times, Plaintiff was also required to clean the store, take out the trash, and perform other custodial tasks.

17. When Plaintiff would try to create schedules, as she was entitled by her managerial role, the District Manager would routinely change everything.

18. Plaintiff lacks the authority necessary to hire and fire Dollar General employees, even though this is a standard managerial duty.

19. There were also several times where Plaintiff was unable to close the store early for severe weather conditions, putting Plaintiff's safety in jeopardy.

20. Defendants' intentional, knowing, and willful violation of federal law caused Plaintiff to suffer economic damages.

## FAIR LABOR STANDARDS ACT CLAIM

21. This action is brought to recover unpaid overtime compensation owed to Plaintiff, and all others similarly situated, pursuant to FLSA. Defendants have had a uniform policy and practice and of consistently requiring its store managers to work 60-90 hours per week for a

salaried amount. The alleged managerial employees, including Plaintiff, performed managerial duties less than 5-10 hours each week. The remainder of her time was spent performing non-managerial functions, including but not limited to, running the registers, stocking inventory and cleaning the store.

22. Defendants' misrepresentations to Plaintiff, that she is exempt from receiving overtime compensation under § 13(a)(1) of the FLSA, fails to meet several requirements regarding the Plaintiff's job duties:

    a. Plaintiff's primary duty was not managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise;

    b. Plaintiff did not customarily or regularly direct the work of at least two or more other full-time employees or their equivalent; and

    c. Plaintiff did not have the authority to hire or fire other employees, make suggestions or recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees.

23. Plaintiff, and all similarly situated, was not paid any overtime compensation even though she regularly worked 20-50 hours a week over the required 40 hours, with a clear majority of the hours spent performing non-managerial job duties.

24. Plaintiff, and all similarly situated, seek unpaid sales incentives, commission, bonuses, vacation and sick time, overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

25. The services performed by Plaintiff, and all similarly situated, was a necessary and integral part of Defendants' business and directly essential to its corporate objectives.

26. Defendants have intentionally failed and/or refuse to pay Plaintiff, and all similarly situated, managerial salary/rates per the provisions of the FLSA.

27. Defendants are aware of the requirements of the FLSA and its corresponding regulations necessary to provide store manager employees with overtime compensation. Despite this knowledge, Defendants have failed to pay its store managers the mandatory lawful overtime compensation to conform the duties of these employees to the requirements of the FLSA.

28. Defendants have intentionally and repeatedly misrepresented the true status of managerial compensation to its employees and because of those misrepresentations, Plaintiff detrimentally relied upon Defendants' mischaracterization and was unable to determine her true status under the FLSA.

29. Defendants have further engaged in widespread pattern of violating the provisions of FLSA by failing to pay Plaintiff, and others similarly situated, in accordance with §207 of the FLSA.

30. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive managerial compensation in accordance with §207 of the FLSA.

31. Defendants' actions in failing to compensate Plaintiff were willful.

32. Plaintiff, and all similarly situated, are entitled to an award of attorneys' fees pursuant to 29 U.S.C. §216(b).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all similarly situated, pursuant to §216(b) of the FLSA, prays for the following relief:

  a. At the earliest possible time, Plaintiff be allowed to give notice to all Defendants and potential Plaintiffs who may be similarly situated, informing them that this action has been filed and their right to opt-into this lawsuit if they worked overtime but were not paid managerial compensation and benefits pursuant to 29 U.S.C. § 216(b);

  b. Plaintiff be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

  c. Plaintiff's reasonable attorneys' fees, including the costs and expenses of this action; and,

  d. Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

  e. **JURY DEMAND**

Plaintiff demands a trial before a struck jury.

Date: February 16, 2017

Respectfully submitted,

/s/ *J. Allen Schreiber*
J. Allen Schreiber
(ASB-2540-R76J)


/s/ *Lauren E. Miles*
Lauren E. Miles
(ASB-3564-T63E)

**BURKE HARVEY, LLC**
3535 Grandview Parkway, Suite 100
Birmingham, AL 35243
Phone: 205-930-9091

                    Fax:  205-930-9054
                    aschreiber@burkeharvey.com
                    lmiles@burkeharvey.com
                    *ATTORNEYS FOR PLAINTIFFS*

**DEFENDANTS MAY BE SERVED WITH PROCESS AT: CSC-LAWYERS INCORPORATING SERVICE, 150 S. PERRY STREET, MONTGOMERY, AL 36104.**