## IN THE AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| TRACY WELLS, | ) |
| | ) |
|     Claimant, | ) |
| | ) |
| v. | )     AAA No. 01-17-0003-0146 |
| | ) |
| DOLGENCORP, LLC, | ) |
| and DOLLAR GENERAL | ) |
| | ) |
|     Respondents. | ) |

### SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is entered into by and between Claimant Tracy Wells ("Claimant") and Respondent Dolgencorp, LLC[1] (referred to herein as "Respondent" or "Dollar General"). Claimant and Respondent are collectively referred to herein as the "Parties."

WHEREAS, Claimant was previously employed by Dollar General;

WHEREAS, disputes have arisen between Claimant and Respondent relating to the Claimant's employment and separation therefrom, including those claims raised in an action against Respondent in the United States District Court for the Northern District of Alabama, Southern Division, in a case styled, *Tracy Wells v. Dolgencorp, Inc.; Dolgencorp of New York; Dolgencorp of Texas; and Dollar General Partners,* Case No. 2:17-cv-00254-JSHE, and *Tracy Wells v. Dolgencorp, LLC and Dollar General,* in the American Arbitration Association, AAA No. 01-17-0003-0146 (the "Arbitration") (collectively, the "Litigation"), alleging violations of the Fair Labor Standards Act (FLSA) including but not limited to allegations that Claimant was

---

[1] Dolgencorp, LLC was Claimant's employer and thus is the only proper party Respondent in this action. Claimant named entities other than Dolgencorp, LLC in her pleadings in her arbitration and in her related federal lawsuit. This Agreement releases all entities named or who could have been named in this arbitration, including, but not limited to, Dolgencorp, LLC, Dolgencorp, Inc., Dolgencorp of New York, Dolgencorp of Texas, Dollar General, and Dollar General Partners.

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS – PAGE 1
76079584_1

improperly classified as an exempt employee, and thus, was not paid overtime wages she alleges to have been entitled to receive, among other things;

WHEREAS, Claimant and Respondent desire to compromise, settle, and forever resolve and dispose of outstanding controversies and claims including but not limited to those raised in the Litigation related to Claimant's employment with Respondent;

WHEREAS, all words used in this Agreement will have their plain meaning in ordinary English; and

NOW, THEREFORE, in consideration of the foregoing and promises and other consideration contained hereinafter, the Parties agree as follows:

## I.

Dollar General agrees to pay to Claimant and her counsel the total gross settlement amount of Twenty-Nine Thousand, Nine Hundred and no/100 Dollars ($29,900.00) as follows: (1) one check in the amount of Ten Thousand Two Hundred Twenty-Five and no/100 Dollars ($10,250.00), less applicable taxes and withholdings, made payable to Tracy Wells, to be reported via IRS form W-2, which represents disputed back pay/any lost wages/any unpaid wages and compensation for a release of all wage and hour claims; (2) one check in the amount of Ten Thousand Two Hundred Twenty-Five and no/100 Dollars ($10,250.00), made payable to Tracy Wells, to be reported via IRS form 1099, which amount represents disputed liquidated damages and further compensation for a release of all wage and hour claims; and (3) one check in the amount of Five Hundred and no/100 Dollars ($500.00) made payable to Tracy Wells, which amount represents compensation for a release of all other claims, to be reported via IRS form 1099.  The Parties acknowledge that $10,750 made in payment to Tracy Wells (as noted above related to subparts (2) and (3)) is not in the nature of wages, backpay, or punitive

damages. The receipt and sufficiency of the payment of the gross settlement amount is hereby acknowledged, as a full and complete settlement of any and all of Claimant's claims encompassed or referred to in this Agreement or the Litigation.

Moreover, Claimant acknowledges that Claimant's attorneys,[2] will be separately paid an amount of Eight Thousand Nine Hundred and no/100 Dollars ($8,900) for attorneys' fees and expenses related to Claimant's claims, and in accordance with Claimant's agreements with Claimant's Attorneys, as compensation for their representation of Claimant in this Litigation, the payment of which Claimant acknowledges as additional consideration for the settlement of Claimant's claims in this Litigation.

## II.

In exchange for the consideration set forth above in Paragraph I. and other good and sufficient consideration set forth herein, Claimant, for and on behalf of Claimant individually and Claimant's heirs, executors, trustees, administrators, representatives, spouses, and assigns, if any, hereby fully, finally, completely, and forever releases, discharges, acquits, and relinquishes Respondent and its predecessors, successors, parent entities, subsidiaries, sister entities, partners, related or affiliated companies, attorneys, officers, directors, employees, former employees, agents and assigns, including, but not limited to, Dolgencorp, LLC, Dolgencorp, Inc., Dolgencorp of New York, Dolgencorp of Texas, Dollar General, and Dollar General Partners (collectively the "Released Parties"), jointly and/or severally, from any and all claims, actions,

---

[2] "Claimant's Attorneys" are defined to include the Schreiber Law Firm and any other attorneys related to this Litigation and/or the claims released by this Agreement, along with all of their agents, representatives, and employees, including all individual attorneys and firms of record that have made appearances in the course of this Litigation on behalf of Claimant, who represented Claimant in this Litigation, and/or anyone else suing Respondent on behalf of Claimant in connection with the prosecution of any of Claimant's claims, including claims for unpaid wages and/or for other damages against Respondent, and/or any attorney who is related, pursuant to any current or former joint representation agreement or other arrangement with Claimant's attorneys of record, the claims released by this Settlement Agreement and Release of Claims. The Schreiber Law Firm hereby represents that it has authority to acknowledge the sufficiency of the settlement proceeds for all of Claimant's Attorneys.

demands, liabilities, and/or causes of action of whatever kind or character, joint or several, whether now known or unknown, asserted or unasserted, under any federal, state, or local statute, law, regulation, or ordinance and common law, including, but not limited to, the Fair Labor Standards Act ("FLSA"); Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; 42 U.S.C. § 1981; the Americans with Disabilities Act; the Family and Medical Leave Act of 1993; the Age Discrimination in Employment Act ("ADEA"); the Equal Pay Act ("EPA"); the Lilly Ledbetter Fair Pay Act of 2009; the Genetic Information Nondiscrimination Act of 2008 ("GINA"); the Employee Retirement Income Security Act of 1974 ("ERISA"); or any other claim, regardless of the forum in which it might be brought, if any, arising from or in any way connected with Claimant's employment with Dollar General and the termination thereof, including all claims that were or could have been brought in the Litigation, which Claimant has, might have, or might claim to have against the Released Parties, or any of them individually, for any and all injuries, harm, damages, penalties, costs, losses, expenses, attorneys' fees, and/or liability or other detriment, if any, whenever incurred, suffered, or claimed by Claimant in the Litigation or otherwise as a result of any and all acts, omissions, or events by the Released Parties, collectively or individually, through the date of this Agreement (collectively, the "Released Claims").  Moreover, Claimant represents and acknowledges that in the future, Claimant will not file, instigate, or encourage the filing of any lawsuits by any party in any state or federal court, asserting any of the Released Claims.  Further, this Agreement includes a covenant by Claimant that Claimant will not bring any class or collective action as a result of Claimant's employment with Dollar General.  Moreover, Claimant represents that if any agency or court assumes jurisdiction of any complaint, charge or lawsuit against any of the Released Parties, or certifies a class seeking relief on Claimant's behalf for any claims released

by this Agreement, Claimant will request such agency or court to withdraw from the matter, and Claimant will not opt into any class or collective action she is invited to join (or, inversely, Claimant will specifically opt out of any class or collective action to which Claimant is joined) and, in any case, Claimant agrees not to take any personal legal or equitable relief from any such complaint, charge or lawsuit.

### III.

Claimant hereby acknowledges that Claimant knowingly and voluntarily enters into this Agreement with the purpose of waiving and releasing any claims Claimant may have under the Age Discrimination in Employment Act of 1967 ("ADEA"), and as such, Claimant acknowledges and agrees that:

- A. this Agreement is written in a manner which Claimant fully understands;
- B. Claimant specifically waives any rights or claims arising under the ADEA;
- C. this Agreement does not waive rights or claims under the ADEA that may arise after the date this Agreement is executed;
- D. the rights and claims waived in this Agreement are in exchange for consideration over and above anything of value to which Claimant is already entitled; and
- E. Claimant has been advised in writing to consult with Claimant's attorney prior to executing this Agreement, and has, in fact had an opportunity to do so.
- F. Claimant has been given a period of twenty-one (21) days within which to consider this Agreement. To the extent she signs this prior to the expiration of this time, she knowingly and voluntarily waives the right to take a 21-day period within which to consider this Agreement and has not been inducted to do so

      through fraud, misrepresentation, or a threat to withdraw or alter the offer prior to the expiration of the 21-day period;

G.    Claimant acknowledges that Claimant has a period of seven (7) days within which Claimant can revoke this Agreement as it relates to any age discrimination claims, and the Agreement shall not be effective related to any age discrimination claims until the seven-day revocation period has been exhausted; and,

H.    If the Claimant elects to revoke Claimant's waiver of age discrimination claims, revocation should be in writing and presented to Melanie Cook, Vice President and Assistant General Counsel, Dollar General Corporation, 100 Mission Ridge, Goodlettsville, Tennessee 37072-2170.

## IV.

Claimant will prepare and submit a motion for judicial approval of this Agreement with the Court. The Court's approval of this Agreement is required or this Agreement shall become null and void. After obtaining the mandatory court approval, Claimant agrees to dismiss with prejudice all claims or charges of any kind whatsoever under any federal or state statute or common law, which Claimant has filed against any and all of the Released Parties with any state or federal court, agency, or department, including but not limited to, the Litigation. Claimant hereby authorizes Claimant's Attorneys to execute on Claimant's behalf any and all stipulations, motions or other documents to effectuate same. Claimant hereby covenants and promises that, except as may be provided herein, Claimant will not file any additional claims or lawsuits against the Released Parties, or any of them, for any alleged acts, omissions, and/or events, whether now known or unknown, which have or may have occurred prior to the date of execution of this Agreement by Claimant.

Nothing in this Agreement shall limit Claimant's right to communicate with any investigative agency (including, but not limited to, asserting a complaint therewith), or participate in an investigation or proceeding conducted by any investigative agency, nor is this Agreement intended to interfere with or deter a right to challenge the waiver of an ADEA claim. This Agreement does, however, waive and release any right by Claimant to recover damages under any civil rights statutes with respect to any claim released hereby or arising out of Claimant's employment with Dollar General.  And, any challenge to the waiver of an ADEA claim will not affect the validity of the release of any other claims covered by this Agreement.

## V.

Claimant has been represented by the Schreiber Law Firm, P.C.  Schreiber Law Firm, P.C. acknowledges that it has authority to negotiate on behalf of and bind all of Claimant's Attorneys (as defined herein in footnote 1, *supra*) related to this Litigation and the claims released by this Agreement.  By signature to this Agreement, Schreiber Law Firm, P.C. acknowledges that all claims for attorneys' fees, costs, or other recoverable expenses that it and Claimant's Attorneys (including, but not limited to attorneys J. Allen Schreiber and Lauren E. Miles) may hold independently against the Released Parties, or any of them, are satisfied by the consideration paid, and Schreiber Law Firm, P.C. on its behalf and the behalf of Claimant's Attorneys, hereby releases any claims they have or might have against the Released Parties, or any of them, for all such monies.

Claimant and Claimant's Attorneys also acknowledge that no other attorney or firm not associated with or in joint-representation with Claimant's Attorneys has represented Claimant in connection with the Litigation.  Claimant hereby represents and warrants that Claimant has full authority to release all claims against Released Parties, including those claims associated with

the Litigation and Claimant's claims therein, and that Claimant has not assigned or otherwise transferred to any other person or entity (other than Claimant's agreement with Claimant's Attorneys whose claims, if any, are fully and finally satisfied by this Agreement) any interest in any claim, demand, recovery, settlement proceeds, action and/or cause of action Claimant has, may have, or may claim to have against any Released Party.  Claimant agrees to indemnify and hold harmless the Released Parties from any and all injuries, harm, damages, costs, losses, expenses, and/or liability, including reasonable attorneys' fees and court costs, incurred as a result of any claims or demands which may hereafter be asserted against any Released Party by, through, or by virtue of an assignment or other transfer by Claimant and/or assignment to any of Claimant's Attorneys.

Further, Claimant's Attorneys represent and warrant that they have full authority to release all claims for attorneys' fees, costs and expenses incurred by Claimant and Claimant's Attorneys as associated with the Litigation, and related to Claimant's claims therein, and that they have full authority to negotiate a settlement amount to be designated as attorneys' fees, costs, or expenses on behalf of Claimant's Attorneys, and that there is no interest in attorneys' fees, costs, or expenses on behalf of Claimant related to this Litigation that they do not represent. Further Claimant's Attorneys represent and warrant that they have not assigned or otherwise transferred to any other person or entity any interest in any claim, demand, recovery, settlement proceeds, action and/or cause of action they have, may have, or may claim to have against any Released Party that are not settled by this Agreement. The Schreiber Law Firm agrees to indemnify and hold harmless the Released Parties from any and all injuries, harm, damages, costs, losses, expenses, and/or liability, including reasonable attorneys' fees, court costs, and expenses incurred as a result of any claims or demands which may hereafter be asserted against

any Released Party by, through, or by virtue of a right to ownership, an assignment or other transfer by Claimant's Attorneys of the attorneys' fees, costs, and expenses that may be recovered based upon Claimant's claims in this Litigation.

## VI.
## AGREEMENT BY PLAINTIFF TO NOT PUBLICIZE SETTLEMENT

(a)  The Parties acknowledge that this settlement will be made part of the public record in this Litigation.  However, they desire to limit the further publication of this settlement and its terms.  As such, Plaintiff represents and agrees that Plaintiff has not as of the date of this Agreement, and will not in the future, otherwise further the publication of this settlement to any third person, entity, or government organization, except as provided in subparagraph VI.(b), other than to Plaintiff's spouse (if any), accountants, the IRS, and/or Plaintiff's Attorneys (the "Authorized Persons") and/or to refer other persons to the public record.  Further, Plaintiff agrees that neither Plaintiff nor Plaintiff's agents will, by actual name, fictitious name, or anonymously, post any comment about the resolution of this Litigation or rulings in this case on any internet chat room, forum, blog, bulletin board, social media websites, or other public domain.

(b)  This provision is not intended to impose upon Claimant the obligation to resist a court order, government order, or subpoena mandating disclosure of this Agreement or its terms.  However, if this Agreement is intended to be offered for any purpose or pursuant to any compelled production, Claimant agrees to notify Dollar General in writing at least ten (10) business days in advance of the production of the Agreement to permit Dollar General to file protective motions, as necessary.  Claimant agrees to notify Dollar General as follows: Attention: Melanie Cook, Vice President and Assistant General Counsel, Dollar General Corporation, 100 Mission Ridge, Goodlettsville, Tennessee  37072-2170.

## VII.

Claimant acknowledges and agrees that by signing this Agreement and accepting additional compensation related to a general release, Claimant is voluntarily giving up any right Claimant may have to employment or re-employment with Dollar General and/or Released Parties.  Claimant further agrees not to seek employment or re-employment with Dollar General or Released Parties at any time and in any capacity in the future.  Dollar General is entitled to reject without cause or recourse any application for employment made by Claimant and to terminate, without cause or recourse, any future employment by Claimant.  Moreover, Claimant admits and represents that she has been paid for all wages owed Claimant based upon Claimant's employment with Respondent, and that no additional wages are owed related to Claimant's employment with Respondent.

## VIII.

In exchange for the additional consideration provided to Claimant, Claimant agrees Claimant will not make any statements or take any action calculated to be derogatory or harmful to the reputation, business, or affairs of any of the Released Parties as it relates to Claimant's employment, separation from employment, and the Litigation.  Further, in exchange, Dollar General agrees to provide Claimant with a neutral job reference, by responding to any inquiries with only neutral information, such as the dates of Claimant's employment with Dollar General and the position(s) held.  This Agreement is conditioned upon the requirement that Claimant refer any inquiries regarding a job reference to The Work Number at 1-800-367-5690, Company code 11010.

## IX.
## NO ADMISSION OF WRONGDOING

This Agreement, the offer of this Agreement, and compliance with this Agreement shall not constitute or be construed as an admission by the Respondent or Released Parties, or any of them individually, of any wrongdoing or liability of any kind or an admission of any violation of the rights of Claimant, but rather, such liability or wrongdoing is expressly denied.  This Agreement shall not be admissible in any judicial, administrative or other proceeding or cause of action as an admission of liability or for any purpose other than to enforce the terms of this Agreement.

## X.
## NO REPRESENTATION OF TAX CONSEQUENCES

The Parties agree that the sums paid pursuant to this Agreement and specifically referenced in Paragraph I. herein are in settlement of Claimant's claims for all alleged damages. Claimant acknowledges and agrees that Dollar General has not made any representations to Claimant regarding the tax consequences of any amounts received by Claimant pursuant to this Agreement.  Claimant agrees that Claimant shall be solely responsible for payment of all of Claimant's personal tax liabilities due on the settlement amount, including federal, state and local taxes, interest and penalties, which are or may become due.  Claimant agrees to indemnify, defend, and hold harmless the Released Parties from any claims, demands, deficiencies, assessments, executions, judgments, or recoveries by any governmental entity against any of the Released Parties for any amounts claimed due with respect to the payment referenced above in Paragraph I. or pursuant to claims made under any federal or state tax laws, and any costs, expenses or damages sustained by the Released Parties, or any of them, as a result of the payments referenced above in Paragraph I., including attorney's fees, in the event the Released

Parties, or any of them individually, are required to file suit or take other legal action to enforce this paragraph.

## XI.

The Parties agree that the terms of this Agreement are contractual in nature and not merely recitals and shall be governed and construed in accordance with the laws of the State of Tennessee, without regard to conflicts of law.  The Parties further agree that should any part of this Agreement be declared or determined by a court of competent jurisdiction to be illegal, invalid, or unenforceable, the Parties intend the legality, validity, and enforceability of the remaining parts shall not be affected thereby, and said illegal, invalid or unenforceable part shall be deemed not to be a part of this Agreement.

## XII.

This Agreement shall be binding upon and the benefits shall inure to Claimant and Claimant's heirs and to the Released Parties, and their successors and assigns.

## XIII.

Each party hereto represents and warrants that they have full authority to bind the party represented.

## XIV.

No waiver of any of the terms of this Agreement shall be valid unless in writing and signed the party to this Agreement against whom such waiver is sought to be enforced.  The waiver by any party hereto of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach by any party, nor shall any waiver operate or be construed as a rescission of this Agreement.

## XV.

Claimant agrees that in executing this Agreement Claimant does not rely and has not relied on any document, representation, or statement, whether written or oral, other than those specifically set forth in this written Agreement.  The Parties, including Claimant and Claimant's Attorneys, agree that this Agreement constitutes the entire agreement between Claimant and the Released Parties, and supersedes any and all prior agreements or understandings, written or oral, pertaining to the subject matter of this Agreement.  No oral understandings, statements, promises, or inducements contrary to the terms of this Agreement exist.  This Agreement cannot be changed or terminated orally, but may be changed only through written addendum executed by the Parties.

## XVI.

The terms of the Stipulated Protective Order in place during the course of this Litigation will remain in effect, and Claimant and Claimant's Attorneys agree to comply with, and not violate, the same in the future.

## XVII.

This Agreement is the product of arm's length negotiations between the Parties and their counsel, and no party shall be deemed to be the drafter of any provision or the entire Agreement. The wording in this Agreement was reviewed and accepted by all Parties after reasonable time to review with legal counsel, and no Party shall be entitled to have any wording of this Agreement construed against the other Party as the drafter of the Agreement in the event of any dispute in connection with this Agreement.

## XVIII.

The Parties declare that the terms of this Agreement have been completely read, are fully understood, and are voluntarily accepted, after complete consideration of all facts and their legal rights, of which they have been fully advised by their respective attorneys.

## XIX.

IN WITNESS WHEREOF, the Parties have executed this Agreement as follows:

*[signature]*
CLAIMANT TRACY WELLS
Date: 03/02/2018

APPROVED AS TO FORM AND SUBSTANCE, INCLUDING BUT NOT LIMITED TO AND SPECIFICALLY AGREED TO, FOOTNOTE 1 AND AS TO PARAGRAPHS: V., XIII., and XVI.

*[signature]*
Allen Schreiber
Schreiber Law Firm
Attorneys for Claimant Tracy Wells
Date: 3/2/18

_____
Melanie E. Cook
Dolgencorp, LLC

Date: 3/2/18



APPROVED AS TO FORM AND SUBSTANCE

_____
Joel S. Allen
Melissa M. Hensley
Attorneys for Respondent Dolgencorp, LLC

Date: 3.2.2018